UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DENNIS "DAN" FONTENOT | * | CIVIL ACTION NO.:_____ |
| V. | * | JUDGE: _____ |
| OUR LADY OF HOLY CROSS COLLEGE | * | MAG.: _____ |
| | * | JURY TRIAL REQUESTED |

\* \* \* \* \* \* \* \*

## COMPLAINT

NOW COMES Dennis "Dan" Fontenot, by and through undersigned counsel, who brings this Complaint against Our Lady of Holy Cross College ("OLHCC").

### I. INTRODUCTION

This case involves violations of the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq*. Plaintiff contends that OLHCC discriminated against him by terminating him on the basis of his disability— visual impairment.

### II. JURISDICTION AND VENUE

Jurisdiction is conferred on this Court pursuant to 42 U.S.C. § 2000e-5(f). Venue is proper because the employment practices and unlawful discrimination were committed in this District.

### III. PARTIES

1. Plaintiff, Dennis "Dan" Fontenot, is an adult resident citizen of the State of Louisiana, Parish of Orleans and a former employee of OLHCC.

2. OLHCC is a non-profit corporation, operating a Catholic faith-based college in New Orleans, Louisiana. The Rev. Anthony J. De Conciliis, C.S.C., Ph.D. leads OLHCC as its

president. OLHCC had more than 15 employees for each working day in each of 20 or more calendar weeks and is an employer within the meaning of 42 U.S.C. § 12111(5).

## IV.  FACTS

3. Dr. Fontenot, who holds a Ph.D. in the field of Education—Curriculum and Instruction, became employed by OLHCC in December 1995 as an assistant professor and continued working there through May 2009.

4. At all relevant times, Fontenot adequately and completely performed the functions, duties and responsibilities of his employment as a professor with OLHCC. He never received an unsatisfactory evaluation, and he was promoted in 2005 to the status of full professor.

5. Over the years, Fontenot developed diabetic retinal neuropathy and became visually impaired.

6. In 2004, after Fontenot lost all vision in his left eye, he went to the OLHCC office of human resources and spoke to Kathy Waguespack, the director, to ask for accommodations. He requested technology that would help him teach, communicate with his students, and grade papers. The equipment he requested would enlarge print and convert written words to speech. When OLHCC failed to provide him with the requested accommodations, he purchased the technology himself, and continued to teach his students and to supervise a student worker.

7. Fontenot later developed visual impairment in his second eye. Nevertheless, he continued to teach and advise students with the aid of the technology that enlarged print and converted written words to speech. He used a cane to help him navigate the campus which was small and very familiar to him.

8. In December 2006, Fontenot arrived at the college to teach his Saturday morning class. However, he was unable to open his office door and eventually learned that the lock had been changed. No one had given him advance notice of this action, and no one gave him an explanation for the action. No other office lock had been changed. As a result, Fontenot had to cancel his class.

9. In December 2007, despite the fact that Fontenot was fully able to teach his classes, Miles Seghers, who was at the time serving as academic vice-president of OLHCC, suggested to Fontenot that he apply for Social Security Disability benefits and gave him the business card of an attorney who Seghers contended handled that type of matter. Fontenot responded that he could not apply because he was not disabled from performing his job.

10. On or about May 16, 2009, Fontenot was called to the office of Dr. Raymond Getz, vice president for academic affairs. Getz informed Fontenot that due to "concern" about Fontenot's health, he would not renew Fontenot's contract for the following academic year, and Fontenot was terminated effective the close of the 2009 spring semester. Fontenot, at the time of his termination, was teaching alternative education certification courses, education research, and other methods courses, but had at various times taught other classes regularly offered at OLHCC at both the undergraduate and graduate levels.

11. Fontenot did not receive a contract for the 2009-2010 academic year, which would have been his sixteenth year of employment. Upon information and belief, Fontenot's termination was on the basis of discrimination, because of his visual impairment.

12. At the time of his termination, a paper of Fontenot's had been accepted for presentation at a professional educational honor society conference in Orlando, Florida, and Fontenot had been procuring funding to bring OLHCC students to the conference.

13. At the time of his termination, Fontenot's minor son was attending high school and hoping to attend OLHCC for which he would receive a tuition waiver if Fontenot were teaching there. Fontenot's son is currently attending college and paying tuition at another institution.

14. Fontenot experienced shock, frustration, anxiety, and stress due to his termination from employment and his inability to find other employment and provide financially for his family. He had to seek treatment from his physician who prescribed medication to help him sleep and to relieve his anxiety. Upon information and belief, his anxiety exacerbated his medical condition.

## V. ADMINISTRATIVE PROCEDURES

15. Fontenot filed a charge with the Equal Employment Opportunity Commission on or about September 21, 2009.

16. Fontenot received a notice of right to sue from the Equal Employment Opportunity Commission dated May 9, 2010. This action has been filed within 90 days of Fontenot's receipt of the right to sue.

17. Fontenot has met all administrative prerequisites to filing suit.

## VI. CAUSES OF ACTION

### COUNT I

**DISRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12112**

18. The foregoing allegations are incorporated herein as if fully reproduced.

19. Fontenot is an individual with a disability pursuant to 42 U.S.C. § 12102(1).

20. Fontenot was able to perform the essential functions of his employment position with a reasonable accommodation. 42 U.S.C. § 12103(8). Therefore, Fontenot was a qualified individual.

21. OLHCC terminated Fontenot's employment on or about May 16, 2009.

22. Fontenot's employment was terminated on the basis of his disability.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dennis "Dan" Fontenot, respectfully prays that defendant, Our Lady of Holy Cross College, be served with a copy of this complaint and be duly cited to appear and answer same and after legal delays and due proceedings, plaintiff prays that there be trial by jury and judgment in favor of plaintiff and against defendant for the following relief:

(a) Back pay;

(b) Compensatory damages, including medical expenses, college tuition expenses, and future pecuniary damages, and damages for emotional distress;

(c) Equitable relief, including future lost wages and benefits;

(d) Punitive damages pursuant to 42 U.S.C. § 1981a;

(e) Attorneys' fees pursuant to 42 U.S.C. § 1988;

(f) Any other relief to which Plaintiff is entitled.

Respectfully submitted,

**Robein, Urann,
Spencer, Picard & Cangemi, A.P.L.C.**

<u>**s/ Nancy Picard**</u>
**Nancy Picard (LA Bar No. 19449)**
**Christina L. Carroll (LA Bar No. 29789)**
P.O. Box 6768
2540 Severn Avenue, Suite 400 (70002)
Metairie, Louisiana 70009-6768
Telephone: (504) 885-9994
Facsimile: (504) 885-9969
Email: npicard@ruspclaw.com
            ccarroll@ruspclaw.com

Attorneys for Plaintiff

F:\APPS\WP51\CLIENTS\_Fontenot_Dennis_80116\Pleadings\Complaint.doc