UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DENNIS "DAN" FONTENOT                          CIVIL ACTION


VERSUS                                         NO: 11-1375


OUR LADY OF HOLY CROSS                         SECTION: R(2)
COLLEGE

## ORDER AND REASONS

Before the Court is defendant Our Lady of Holy Cross
College's motion to dismiss plaintiff's Americans with
Disabilities Act claim for lack of subject matter jurisdiction
and for failure to state a claim upon which relief can be
granted.[1]   Because the Court finds that Fontenot exhausted his
administrative remedies and pleaded enough facts to state a claim
to relief that is plausible on its face, defendant's motion is
DENIED.


## I.   BACKGROUND

Plaintiff, Dan Fontenot, worked at Our Lady of Holy Cross
College ("OLHCC") from December of 1995 until May of 2009.  He
was initially hired as an assistant professor, and in 2005 he was
promoted to the status of full professor.  As a result of
diabetic retinal neuropathy, Fontenot is blind in his left eye
and visually impaired in his right eye.  Fontenot alleges that on
May 16, 2009, Dr. Raymond Getz, the vice president of academic

---

[1]    R. Doc. 8.

affairs at OLHCC, informed Fontenot that he would not renew Fontenot's contract for the following academic year due to concern about Fontenot's health and that Fontenot was terminated effective the end of the 2009 spring semester.  Fontenot contends that he was terminated because of his visual impairment.  As background evidence supporting his claim of discrimination, Fontenot cites three other incidents.  Fontenot alleges that in 2004, he asked Kathy Waguespack, the director of the office of human resources at the college, for equipment to accommodate his disability and was refused.  He also indicates that in December of 2006 he was forced to cancel a class when the locks on his classroom were changed without notice.  Finally, Fontenot asserts that in December of 2007, Miles Seghers, the then academic vice-president of the college, suggested that Fontenot apply for disability benefits.

Fontenot completed an intake questionnaire, the first step required to file a complaint of discrimination, on July 29, 2009. The Equal Employment Opportunity Commission (EEOC) marked the questionnaire as received on August 3, 2009.  Fontenot filed a formal charge of discrimination on September 21, 2009.  On May 5, 2011, Fontenot requested a right-to-sue letter from the EEOC, and it was issued on May 9, 2011.  On June 9, 2011, Fontenot filed a

complaint in federal court.[2]   Defendant's motion to dismiss is
now before the Court.


## II.   STANDARD

Federal Rule 12(b)(1) requires dismissal if a district court
lacks jurisdiction over the subject matter of a plaintiff's
claim.  FED. R. CIV. P. 12(b)(1).   When a Rule 12(b)(1) motion is
filed in conjunction with other Rule 12 motions, subject matter
jurisdiction must be decided first because "the court must find
jurisdiction before determining the validity of a claim."  *Moron
v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

In ruling on a Rule 12(b)(1) motion to dismiss, the court
may rely on (1) the complaint alone, presuming the allegations to
be true, (2) the complaint supplemented by undisputed facts, or
(3) the complaint supplemented by undisputed facts and by the
court's resolution of disputed facts.  *Den Norske Stats
Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir.
2001); *see also Barrera-Montenegro v. United States*, 74 F.3d 657,
659 (5th Cir. 1996).  A court generally cannot go outside the
complaint in determining a motion to dismiss.  *Fin. Acquisition
Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006).  A
court may, however, "rely on documents incorporated into the

---

[2]      R. Doc. 1.

complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007).  The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum.  *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

When a defendant attacks the complaint because it fails to state a legally cognizable claim, Rule 12(b)(6) provides the appropriate challenge.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949.  A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  But the Court is not

bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949-50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007), the claim must be dismissed.

## III. DISCUSSION

*A. Exhaustion of Administrative Remedies and Timeliness*

Title I of the ADA provides that no employer or other entity governed by the Act's terms may discriminate against a qualified individual with a disability in the terms and conditions of employment. 42. U.S.C. § 12112(a). Before filing suit against an employer for a violation of the ADA, an employee must comply

with the ADA's administrative prerequisites.  *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996).  The ADA incorporates the enforcement procedures of Title VII of the Civil Rights Act of 1964, set forth in 42 U.S.C. § 2000e-5.  *See* 42 U.S.C. § 12117.  Accordingly, a plaintiff must file a timely charge of discrimination with the EEOC and receive a statutory right-to-sue letter before filing suit in federal court.  *Dao*, 96 F.3d at 788-89.  A charge is timely if it is filed with the EEOC within 180 days of the date of the alleged discrimination, or within 300 days of the alleged discrimination if the complainant institutes his action with a state or local agency with authority to grant relief from the alleged conduct.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002)(citing 42 U.S.C. § 2000e-5(e)(1)).  Under the 180-day provision of Title VII, the right to bring a civil action alleging discrimination accrues after charges have remained with the EEOC for 180 days, even if there has not been final agency action.  42 U.S.C. § 2000e-16(c)("after one hundred and eighty days from the filing of the initial charge with the department...an employee...if aggrieved by the...failure to take final action on his complaint, may file a civil action"); *see Munoz v. Aldridge*, 894 F.2d 1489, 1492 (5th Cir. 1990).  Once the EEOC issues a right-to-sue letter, the plaintiff has ninety days in which to file a civil action in federal court.  *Taylor v. Books A Million, Inc.*, 296 F.3d 376,

379 (5th Cir. 2002).  Provided that a plaintiff exhausts administrative remedies, and regardless of the substantive result, plaintiff is entitled to a civil trial *de novo* with respect to his or her discrimination claims.  *See Chandler v. Roudebush*, 425 U.S. 840, 862 (1976); *Aldrup v. Caldera*, 274 F.3d 282, 285-87 (5th Cir. 2001).  The exhaustion requirement is essential to the legislative scheme because it "give[s] the agency the information it needs to investigate and resolve the dispute between the employee and the employer."  *Barnes v. Levitt*, 118 F.3d 404, 409 (5th Cir. 1997); *see also Sanchez v. Standard Brands Inc.*, 431 F.2d 455, 466 (5th Cir. 1970) (explaining that a charge of discrimination "trigger[s] the investigatory and conciliatory procedures of the EEOC.").

In light of the conciliatory purpose of the statutory scheme, the Fifth Circuit has held that exhaustion, at least for federal employees, requires "good faith participation in the administrative process."  *Munoz*, 894 at 1492; *Randel v. U.S. Dep't of Navy*, 157 F.3d 392, 397 (5th Cir. 1998).  The Fifth Circuit has not decided whether this good faith participation requirement applies to private sector employees, and there is a split in the circuits on this issue.  *See Doe v. Oberweis Dairy*, 456 F.3d 704, 709-12 (7th Cir. 2006)(explaining that the statutory framework for private and federal employees is different and finding that Title VII does not impose a duty of

cooperation on private sector employees); *Austin v. Winter*, 286
Fed.Appx. 31, 37 (4th Cir. 2008)("private sector Title VII cases
do not require a claimant to cooperate in the administrative
process"); *but see Shikes v. Sprint/United Mgmt. Co.*, 426 F.3d
1304 (10th Cir. 2005)(holding that a private sector employee was
required to cooperate with the EEOC in order to exhaust his
administrative remedies).  This Court need not decide this issue
because even if Fontenot, a private sector employee, was required
to participate in good faith in the EEOC's investigation, the
defendant has made no showing that Fontenot failed to do so.
"The test for cooperation in the administrative process is a
common sense one, geared to the functional demands of dispute
resolution."  *Barnes*, 118 F.3d at 409 (citing *Johnson v.
Bergland*, 614 F.2d 415, 418 (5th Cir. 1980).  When a claimant
"fails to respond to a valid and necessary request" from the
agency to provide additional information or make a complaint more
specific, he does not exhaust administrative remedies.  *See
Barnes*, 118 F.3d at 408 (reversing district court's finding of
good faith when claimant did not provide "necessary relevant
information" to the agency).

        There is no dispute that Fontenot filed a complaint with the
EEOC, as well as a questionnaire, and that more than 180 days
elapsed between the time Fontenot filed his formal complaint and
the time he requested a right-to-sue letter.  Nor is there any

dispute that Fontenot timely initiated this action in federal court.  Rather, defendant argues that Fontenot did not exhaust his administrative remedies because he did not participate in good faith in the administrative process.  Defendant contends that Fontenot failed to respond to a valid and necessary request to make a generalized complaint more specific, and otherwise failed to cooperate with the EEOC investigation.  Defendant, however, provides no evidence to substantiate this assertion. Defendant states that on July 26, 2010, the EEOC issued a notice to the parties requesting a position paper and supporting documents.  Defendant provides the notice that the EEOC sent to defendant's counsel, but no evidence that the EEOC sent plaintiff's counsel the same request.  Further, plaintiff denies refusing to provide requested information to the EEOC.  Moreover, defendant argues that plaintiff's only communication with the EEOC was the initial formal complaint, but this is inaccurate since plaintiff also completed a questionnaire.  On this record, there is no showing that plaintiff failed to cooperate in the EEOC investigation.  Nor does plaintiff's request for a right-to-sue letter indicate that he did not cooperate with the investigation.  A claimant is entitled to request such a letter 180 days after filing a formal complaint with the EEOC.  *See Barnes*, 118 F.3d at 409 ("the 180-day provision essentially allows the claimant to appeal to the district court if there has

not been final agency action on her claim after six months from filing the claim with the agency"); *Pinkard v. Pullman-Std.*, 678 F.2d 1211, 1219 (5th Cir. 1982)(explaining that because "more than 180 days had elapsed since [plaintiffs] first filed charges with the EEOC...they had a right to obtain their statutory letters simply upon request, regardless of further administrative processing*.*").  The failure of the EEOC to resolve Fontenot's claim within 180 days does not deny him access to federal court.

Defendant further argues that Fontenot's allegations that OLHCC refused him accommodations in 2004 and engaged in discriminatory acts in 2006 and 2007 are not exhausted.  Fontenot asserts a claim of discrimination on the basis of his termination.  Although the complaint describes other events leading up to his termination, these other incidents are not asserted as independent causes of action.  Rather, they are provided to give context to Fontenot's wrongful termination claim.  Fontenot is permitted to use them in this manner.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 112 (2002) (explaining that 42 U.S.C. § 2000e-5(e)(1) does not "bar an employee from using the prior acts as background evidence in support of a timely claim.").

Defendant also contends that Fontenot's allegations that OLHCC refused him accommodations in 2004 and engaged in discriminatory acts in 2006 and 2007 are time-barred.  Again, the

Court emphasizes that these incidents do not form the basis of
separate causes of action but are used to support Fontenot's
claim of wrongful termination on the basis of his disability.
When these incidents are used for this purpose it does not matter
that they occurred outside the statute of limitations articulated
in 18 U.S.C. 2000e-5(e)(1).   The Court finds that Fontenot
exhausted his administrative remedies and timely filed suit in
federal court.

   *B. Plaintiff's Discrimination Claim*

   The complaint alleges that Fontenot was improperly
terminated because of his disability.   Defendant argues that
plaintiff's complaint should be dismissed for failure to state a
claim.

   To prevail on his claim of discrimination in violation of
the ADA, Fontenot must establish that (1) he is disabled within
the meaning of the ADA; (2) he is qualified and able to perform
the essential functions of his job; (3) his employer fired him
because of his disability.   *See Kemp v. Holder*, 610 F.3d 231, 234
(5th Cir. 2010).   A "disability" under the ADA is defined as "a
physical or mental impairment that substantially limits one or
more of the major life activities of [an] individual; a record of
such impairment; or being regarded as having such an impairment."
42 U.S.C. § 12012.   A "major life activity" includes such
functions as "caring for oneself, performing manual tasks,

walking, seeing, hearing, speaking, breathing, learning, and

working."   29 C.F.R. § 1630.2.   And one is "substantially

limited" in a major life activity if he is:

> (i) [u]unable to perform a major life activity that the
> average person in the general population can perform;
> or
> (ii) [s]ignificantly restricted as to the condition,
> manner, duration under which an individual can perform
> a particular major life activity as compared to the
> condition, manner, or duration under which the average
> person in the general population can perform that same
> major life activity.

29 C.F.R. § 1630.2.   The ADA defines a "qualified

individual" as a person "who with or without reasonable

accommodation, can perform the essential functions of the

employment position that such individual holds or desires."   42

U.S.C. 12111(8).

It is clear that a plaintiff in an employment discrimination

case must satisfy the plausibility standard articulated in

*Twombly.   See, e.g., Richards v. JRK Prop. Holdings*, 405 Fed.

Appx. 829, 830-31 (5th Cir. 2010)(applying the plausibility

standard of *Iqbal* and *Twombly* to a claim for employment

discrimination under Title VII); *Fowler v. UPMC Shadyside*, 578

F.3d 203, 211-12 (3d Cir. 2009)(explaining that a plaintiff in an

employment discrimination case "need only set forth sufficient

facts to support a plausible claim"); *Moore v. Metro. Human Serv.*

*Dist.*, 2010 WL 1462224, at *3 (the plaintiff must "state a

'plausible claim for relief' under the pleading standard set

forth in *Twombly* and *Iqbal*.").  The Court finds that Fontenot
pleaded sufficient facts to state a plausible claim for direct
discrimination on the basis of his disability in violation of the
ADA.  First, Fontenot alleges that he is disabled within the
meaning of the ADA.  The analysis of whether a claimed impairment
substantially interferes with a major life activity such that it
constitutes a disability requires an individualized inquiry.  *See*
*Sutton v. United Air Lines, Inc.*, 527 U.S. 471 (1999).  In the
complaint, Fontenot states that he suffers from diabetic retinal
neuropathy.  The complaint asserts that Fontenot has lost all
vision in his left eye and is visually impaired in his right eye.
This physical impairment affects the major life activity of
seeing.  Fonenot's vision is "significantly restricted" as
compared to the vision of the average person in the general
population.  29 C.F.R. § 1630.2.  Fontenot's complaint alleges
facts sufficient to find that Fontenot is disabled within the
meaning of the ADA.

Second, Fontenot alleges that he is qualified for the
position of professor at OLHCC and was able to perform his job.
Fontenot taught at OLHCC for fifteen years and holds a Ph.D. in
Curriculum and Instruction.[3]  Fontenot asserts that "with the aid
of the technology that enlarged print and converted written words

---

[3]      *Id.* at ¶ 3.

to speech"[4] and a cane that helped him to navigate the campus, he was able to "adequately and completely"[5] perform his functions as a professor.

Third, Fontenot alleges that his contract was not renewed for the 2009-2010 academic year and that the decision to terminate his employment was due to his disability.  Fontenot asserts that throughout his entire employment with OLHCC he adequately and completely performed his duties and functions.  He contends that "he never received an unsatisfactory evaluation."[6] Fontenot states that when Dr. Getz informed him that he would not renew Fontenot's contract, Dr. Getz explained that the decision was "due to 'concern' about Fontenot's health."[7]  The ADA specifically prohibits "discharge" on the basis of disability. *See* 42 U.S.C. § 12112(a).  Taking Fontenot's allegations as true, and the Court must do so at this stage of the proceedings, the Court finds that the plausible inference from Dr. Getz's statement is that Fontenot's contract was not renewed because of his visual impairment.

---

[4]     R. Doc. 1 at ¶ 7.

[5]     *Id.* at ¶ 4.

[6]     *Id.* at ¶ 4.

[7]     *Id.* at ¶ 10.

Relying on the test articulated in *Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 405 (5th Cir. 2001), defendant argues that plaintiff's complaint is defective because he did not plead that Dr. Getz had authority over the decision not to renew Fontenot's contract.  In *Auguster*, a Title VII case, the Court explained that for workplace comments to provide sufficient evidence of discrimination they must be (1) related to the protected class of persons of which plaintiff is a member; (2) proximate in time to the terminations; (3) made by an individual with authority over the employment decision at issue; and (4) related to the employment decision at issue.  249 F.3d at 405 (citing the test from *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 655 (5th Cir. 1996).  Defendant's reliance on this test in support of the motion to dismiss is misplaced.  In *Auguster*, the Court was reviewing a grant of summary judgment, not a Rule 12(b)(6) motion.  The Court finds no support in the case law or in a common sense application of the *Twombly* plausibility standard for requiring an ADA plaintiff to plead affirmatively that the person who fired him had the authority to do so.  Further, the reasonable inference from plaintiff's complaint is that Dr. Getz had the authority to fire the plaintiff because he in fact fired him.

Under the plausibility paradigm of *Twombly*, the factual allegations in Fontenot's complaint are "more than labels or

conclusions." *Twombly*, 550 U.S. at 564.  The Court finds that at this early stage of the proceedings, Fontenot's claim for employment discrimination under the ADA survives defendant's motion to dismiss.

## IV.   CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is DENIED.


New Orleans, Louisiana, this 19th day of September, 2011.


_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE